**DENTONS US LLP**
Erika M. Lopes-McLeman, Esq.
erika.lopes-mcleman@dentons.com
101 JFK Parkway, 4th Floor
Short Hills, New Jersey 07078
Tel: 973-912-7100
Fax: 973-912-7199
*Attorneys for Defendants Altus Group Limited,*
*Altus Group U.S. Inc., ARGUS Software, Inc.,*
*and Michael Clawar*

| | |
|---|---|
| HEIDI LEARNER<br><br>                      Plaintiff;<br><br><br><br>        vs.<br><br><br>ALTUS GROUP, LTD., ALTUS GROUP U.S. INC., ARGUS SOFTWARE, INC., and MICHAEL CLAWAR<br><br>                    Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No.:<br><br><br><br>**NOTICE OF REMOVAL OF DEFENDANTS ALTUS GROUP LIMITED, ALTUS GROUP U.S. INC., ARGUS SOFTWARE, INC., and MICHAEL CLAWAR** |

TO:    United States District Court - District of New Jersey
        Clarkson S. Fisher Building & U.S. Courthouse
        402 East State Street
        Trenton, New Jersey 08608

With Notice to:

        Clerk of the Superior Court of New Jersey
        Hudson County, Law Division
        595 Newark Avenue
        Jersey City, New Jersey 07306

        Andrew Dwyer
        The Dwyer Law Firm, LLC
        Newark, New Jersey 07102
        (973) 242-3636
        *Attorneys for Plaintiff*

**PLEASE TAKE NOTICE THAT** on March 23, 2026, based on the following allegations, Defendants Altus Group Limited, i/s/h/a Altus Group LTD, Altus Group U.S. Inc., ARGUS Software, Inc., and Michael Clawar (hereinafter "Defendants") hereby remove this action from the Superior Court of New Jersey, Hudson County, Docket No. HUD-L-550-26, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, with full reservation of any and all defenses and objections.

1. On or about February 10, 2026, Plaintiff Heidi Learner, a citizen of the State of New Jersey ("Plaintiff") filed a civil action against Defendants in the Superior Court of New Jersey, Hudson County captioned HEIDI LEARNER v. ALTUS GROUP, LTD., ALTUS GROUP U.S. INC., ARGUS SOFTWARE, INC., and MICHAEL CLAWAR, which was assigned Docket No. HUD-L-550-26 (the "State Court Action"). A true and correct copy of the Complaint in the State Court Action is attached hereto as **Exhibit A**.

2. Defendants Altus Group U.S. Inc. and ARGUS Software, Inc. received a Summons and Complaint in the State Court Action on or about February 20, 2026 and Defendant Michael Clawar received a Summons and Complaint in the State Court Action on or about February 26, 2026. To date, upon information and belief, Altus Group Limited, i/s/h/a Altus Group, Ltd. has not been served. A true copy of the above referenced Summons in the State Court Action and the Service of Process Documentation is attached hereto as **Exhibit B.**

## ALLEGATIONS OF THE COMPLAINT

3. Plaintiff alleges against all defendants violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. (Compl. ¶ 85).

4.      Plaintiff additionally alleges against defendant Michael Clawar, aiding and abetting Altus in the unlawful age discrimination against Plaintiff in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq.

## PROCEDURAL REQUIREMENTS

5.      Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice is filed within thirty (30) days after service of the Complaint upon Defendants.

6.      To Defendants knowledge, no additional process, pleading, or order has been filed to date in this action outside of the Complaint and Summons, attached as Exhibits A and B, respectively.

7.      Written notice of the filing of this Notice of Removal will be served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

8.      A copy of this Notice of Removal is being served upon counsel for Plaintiff and is being filed contemporaneously with the Clerk of the Superior Court of New Jersey, Hudson County, as required by 28 U.S.C. § 1446(d).

9.      Venue is proper under 28 U.S.C. § 1441(a) because the Superior Court of New Jersey, Hudson County is located within the district of the United States District Court for the District of New Jersey.

## GROUNDS FOR REMOVAL

**A.  This Court Has Federal Question Jurisdiction and Supplemental Jurisdiction**

10.      Pursuant to 28 U.S.C. § 1441(a), Defendants may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

11.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

12.    Plaintiff's right to relief under her allegations depends on the resolution of a substantial question of federal law.

13.    Plaintiff asserts claims against defendants for purported violations of the Age Discrimination in Employment Act ("ADEA"), a federal law, and seeks relief pursuant to 29 U.S.C. § 621 et seq., a federal statute. (Compl. ¶ 85).

14.    Thus, this case is founded on a federal question, giving this Court subject matter jurisdiction over the case under 28 U.S.C. § 1331.

15.    This Court has supplemental jurisdiction over the state-law claims against defendants. Pursuant to 28 U.S.C. § 1367(a), "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all the claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

16.    Plaintiff's state-law claims arise out of the same alleged conduct that forms the basis for her federal law claims set forth in count one: as to count two "Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 85 as if fully set forth herein. By the foregoing conduct, Defendants have violated the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq." and as to count three "Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 87 as if full set forth herein. By the foregoing conduct, defendant Michael Clawar aided and abetted Altus in the unlawful age discrimination against

plaintiff, in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq." (Compl. ¶ 86-89).

17. Defendants are therefore entitled to remove this action to this Court pursuant to 28 U.S.C. § 1331, as Plaintiff's federal claims establish original jurisdiction and the Court has supplemental jurisdiction over Plaintiff's state law claims.

18. All defendants who have been properly joined and served consent to removal. 28 U.S.C. § 1446(b).

19. To the extent Altus Group Limited has been properly joined and served, Altus Group Limited hereby also consents to removal.

**B. Alternatively, Jurisdiction is Proper Under 28 U.S.C. § 1332**

20. Jurisdiction is also proper in this Court based on diversity jurisdiction. 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties and the amount in controversy requirement of Seventy-Five Thousand Dollars ($75,000) is satisfied.

21. Plaintiff Heidi Learner is a citizen of the State of New Jersey residing in Hoboken, New Jersey.

22. Defendant Altus Group Limited i/s/h/a Altus Group LTD, is a Ontario corporation with its principal place of business in Toronto, Canada.

23. Defendant Altus Group U.S. Inc. is a Delaware corporation with its principal place of business in New York, New York and is a subsidiary of Altus Group Limited i/s/h/a Altus Group LTD.

24. Defendant ARGUS Software, Inc. is a Delaware corporation with its principal place of business in Houston, Texas, and is a subsidiary of Altus Group II LLC.

25.    Defendant Michael Clawar is a citizen of North Carolina residing in Raleigh, North Carolina.

26.    Accordingly, under 28 U.S.C. § 1332(a), complete diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed, and complete diversity of citizenship exists at the time of removal.

27.    To confer subject matter jurisdiction in this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

28.    Plaintiff's demand for damages includes:

[i] Reinstating plaintiff to her position as Head of Innovation with Altus, with all the compensation and benefits that should go with that position; [ii] [a]warding compensatory damages for all economic loss, including but not limited to back pay, front pay, bonuses, incentive compensation (including RSUs and PSUs), severance pay, 401(k) benefits, retirement benefits, accrued vacation pay, insurance benefits, expense reimbursements and all other benefits to which plaintiff is entitled; [iii] awarding compensatory damages for all other economic loss, physical and emotional distress, anxiety, humiliation, injury to reputation, emotional harm, pain and suffering, career, family and social disruption and other grievous harm; [iv] awarding punitive damages; [v] awarding costs and disbursements of this suit, including reasonable attorney's fees; [vi] awarding pre-judgment interest; [vii] awarding an additional sum, to compensate plaintiff for the adverse tax consequences of receiving a lump sum award, which otherwise would have been paid out over a period of years ("tax gross up"); and [viii] awarding such other and further relief as this Court deems just and proper.
(Compl. pg. 11-12).

29.    Plaintiff alleges that she received the following compensation from Altus: (a) a discretionary cash bonus of $52,106.60 for the partial year 2022; (b) incentive compensation in the form of Restrictive Share Units ("RSUs") and Performance Share Units ("PSUs") worth approximately $117,000 for the partial year 2022; (c) a discretionary cash bonus of $63,822.50 for the year 2023 received in 2024; (d) incentive compensation in the form of RSUs and PSUs worth approximately $113,000 for the year 2023; and (e) a discretionary cash bonus of

$68,530.00 for the year 2024. Plaintiff further alleges that, due to the timing of her termination, she was ineligible to receive any compensation in the form of RSUs or PSUs for the year 2024. Plaintiff's total known annual compensation in bonuses and incentive compensation alone greatly exceeds $75,000 per year. When combined with Plaintiff's claim for lost base salary, back pay, front pay, emotional distress damages, punitive damages, liquidated damages under the ADEA, attorney's fees, and a tax gross-up, the amount in controversy plainly exceeds the requirement of $75,000 under 28 U.S.C. § 1332(a).

30.    Thus, in light of the foregoing, Plaintiff's alleged damages meet or exceed the amount in controversy requirement of Seventy-Five Thousand Dollars ($75,000.00) of 28 U.S.C. § 1332(a), at the time of the commencement of this action and at the present.

**WHEREFORE**, Defendants Altus Group Limited, i/s/h/a Altus Group LTD, Altus Group U.S. Inc., ARGUS Software, Inc., and Michael Clawar respectfully request that the State Court Action be removed from the Superior Court of New Jersey, Hudson County to the United States District Court for the District of New Jersey, and that the United States District Court for the District of New Jersey assume jurisdiction of this matter as a properly removed civil action.

**DENTONS US LLP**
By: /s/ *Erika M. Lopes-McLeman*
Erika M. Lopes-McLeman
erika.lopes-mcleman@dentons.com
*Attorneys for Defendants Altus Group*
*Limited, Altus Group U.S. Inc., ARGUS*
*Software, Inc., and Michael Clawar*

Dated: Short Hills, New Jersey
March 23, 2026