**DENTONS US LLP**
Erika M. Lopes-McLeman, Esq.
erika.lopes-mcleman@dentons.com
101 JFK Parkway, 4th Floor
Short Hills, New Jersey 07078
Tel: 973-912-7100
Fax: 973-912-7199
*Attorneys for Defendants*
*Altus Group Limited, Altus Group U.S. Inc.,*
*ARGUS Software, Inc., and Michael Clawar*

|  |  |
|---|---|
| HEIDI LEARNER,<br><br>Plaintiff,<br><br>vs.<br><br>ALTUS GROUP, LTD., ALTUS GROUP U.S. INC., ARGUS SOFTWARE, INC., AND MICHAEL CLAWAR,<br><br>Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Civil Action No.: 2:26-cv-02991<br><br><br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |

Defendants Altus Group Limited i/s/h/a Altus Group, LTD., Altus Group U.S. Inc., Argus Software, Inc., and Michael Clawar (collectively "Defendants"), by way of Answer and Affirmative Defenses to the complaint ("Complaint") of plaintiff Heidi Learner ("Plaintiff") state as follows:

### AS TO "STATEMENT OF FACTS"

1.      Defendants admit that, on information and belief, Plaintiff is a resident of the State of New Jersey, residing in Hoboken, New Jersey.

2.      Defendants admit that Altus Group Limited i/s/h/a Altus Group Ltd. has its principal place of business in Toronto, Canada. Defendants deny the remaining allegations. Altus Group Limited is an Ontario corporation.

3.      Defendants admit that Altus Group U.S. Inc. is a Delaware corporation and that it is a subsidiary of Altus Group Limited i/s/h/a Altus Group Ltd.  Defendants deny the remaining allegations. Altus Group. U.S. Inc.'s principal place of business is in New York.

4.      Defendants admit that ARGUS Software, Inc. is a Delaware corporation with its principal place of business in Houston, Texas, and deny the remaining allegations.

5.      Defendants state that Paragraph 5 contains no allegations directed to Defendants and, therefore, no response is required.  To the extent a response is required, Defendants deny any and all allegations contained in Paragraph 5.

6.      Defendants admit that Michael Clawar is a resident of Raleigh, North Carolina, and deny the remaining allegations. Defendant Clawar was ARGUS Software, Inc.'s Senior Vice President, Innovation at the time of Plaintiff's employment.

7.      Defendants admit the allegations set forth in Paragraph 7 of the Complaint.

8.      Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

9.      Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10.     Defendants admit that ARGUS Software, Inc., hired Plaintiff as Head of Innovation, reporting to Michael Clawar, and that she began her employment on April 29, 2022. Defendants deny the remaining allegations.

11.     Defendants admit that ARGUS Software, Inc. terminated Plaintiff's employment, with her last day of employment being March 1, 2025. Defendants deny the remaining allegations.

12.     Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13.     Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15. Defendants admit that as Head of Innovation for ARGUS Software, Inc., Plaintiff was expected to advance the strategic priorities of ARGUS Software, Inc. Defendants deny the remaining allegations.

16. Defendants admit that as Head of Innovation for ARGUS Software, Inc., Plaintiff's role was to guide the research agenda, and lead the team in pursuit of its day-to-day projects.

17. Defendants deny the remaining allegations set forth in Paragraph 17.

18. Defendants admit that, upon information and belief, Plaintiff was born on June 24, 1972, and at the time of her termination from ARGUS Software, Inc. she was 52 years old. Defendants deny the remaining allegations.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Defendants admit that during her employment with ARGUS Software, Inc., Plaintiff received formal, written annual performance evaluations in or around February 2023 and February 2024. Defendants deny the remaining allegations.

21. Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25. Defendants admit that Plaintiff, alongside Michael Clawar, presented in the "Webinar Using Data Science To Improve Your CRE Portfolio" webinar, which is accessible via the URL identified in the allegation. Defendants deny the remaining allegations.

26. Defendants admit that during her employment with ARGUS Software, Inc., Plaintiff spoke at several outside conferences, including Realcomm. Defendants deny the remaining allegations.

27.     Defendants admit that during her employment with ARGUS Software, Inc., Plaintiff spoke at a conference for NAIOP, an executive meeting of the Urban Land Institute, a panel at a National Association of Real Estate Investment Trusts ("NAREIT") conference, and a BMO REIT Conference. Defendants deny the remaining allegations.

28.     Defendants admit that around October 2023, during her employment with ARGUS Software, Inc., Plaintiff was recognized as one of the New York and Tri-State Connect CRE's 2023 Women in Real Estate award winners. Defendants deny the remaining allegations.

29.     Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Defendants admit that during her employment with ARGUS Software, Inc., Plaintiff received discretionary cash bonuses and other incentive-based compensation. Defendants deny the remaining allegations.

32.     Defendants admit that in February 2023, Plaintiff received $52,106.60 as a discretionary cash bonus for the partial year 2022 from ARGUS Software, Inc. Defendants deny the remaining allegations.

33.     Defendants admit that in March 2023, Plaintiff received incentive compensation in the form of Restrictive Share Units (RSUs) and Performance Share Units (PSUs) from ARGUS Software, Inc. worth approximately $117,000, for the (partial) year 2022. Defendants deny the remaining allegations.

34.     Defendants admit that in February 2024, Plaintiff received from ARGUS Software, Inc.  a discretionary cash bonus for the year 2023. Defendants deny the remaining allegations.

35.     Defendants admit that in March 2024, Plaintiff received from ARGUS Software, Inc. incentive compensation in the form of RSUs and PSUs. Defendants deny the remaining allegations.

36.     Defendants admit that in February 2025, Plaintiff received from ARGUS Software, Inc. a discretionary cash bonus for the year 2024. Defendants deny the remaining allegations.

37.     Defendants admit the allegations set forth in Paragraph 37 of the Complaint.

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint, and deny the same.

39.     Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.     Defendants admit that on February 26, 2025, Michael Clawar informed Plaintiff that her employment with ARGUS Software, Inc. was terminated, with her last day of employment being March 1, 2025. Defendants deny the remaining allegations.

41.     Defendants admit the allegations set forth in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations set forth in Paragraph 44 of the Complaint.

45.     Defendants admit that at the time Plaintiff's employment with ARGUS Software, Inc. was terminated, all the other members of the team reporting to Michael Clawar kept their jobs. Defendants deny the remaining allegations.

46.     Defendants admit that at the time Plaintiff's employment with ARGUS Software, Inc. was terminated, she was the oldest member of the team reporting to Michael Clawar. Defendants deny the remaining allegations.

47.     Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48.     Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50.     Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Paragraph 51 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 54 of the Complaint.

55.     Paragraph 55 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 55 of the Complaint.

56.     Paragraph 56 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 58 of the Complaint.

59.     Paragraph 59 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 59 of the Complaint.

60.     Paragraph 60 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 60 of the Complaint.

61.     Paragraph 61 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 61 of the Complaint.

62.     Paragraph 62 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 62 of the Complaint.

63.     Paragraph 63 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 64 of the Complaint.

65. Paragraph 65 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 68 of the Complaint.

69. Paragraph 69 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 70 of the Complaint.

71.    Paragraph 71 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 71 of the Complaint.

72.    Paragraph 72 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 72 of the Complaint.

73.    Paragraph 73 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 73 of the Complaint.

74.    Paragraph 74 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 74 of the Complaint.

75.    Paragraph 75 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 75 of the Complaint.

76.    Paragraph 76 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 76 of the Complaint.

77.    Paragraph 77 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 79 of the Complaint.

80. Paragraph 80 of the Complaint contains legal conclusions to which no response is necessary. To the extent a response is required, Defendants deny all the allegations set forth in Paragraph 80 of the Complaint.

## AS TO "PROCEDURAL BACKGROUND"

81. Defendants admit the allegations set forth in Paragraph 81 of the Complaint.

82. Defendants admit the allegations set forth in Paragraph 82 of the Complaint.

83. Defendants admit the allegations set forth in Paragraph 83 of the Complaint.

## AS TO "COUNT ONE"

84. Defendants repeat and restate their responses to Paragraphs 1 through 83 as if fully set forth herein, and deny any and all allegations not previously admitted.

85. Defendants deny the allegations set forth in Paragraph 85 of the Complaint.

## AS TO "COUNT TWO"

86. Defendants repeat and restate their responses to Paragraphs 1 through 85 as if fully set forth herein, and deny any and all allegations not previously admitted.

87. Defendants deny the allegations set forth in Paragraph 87 of the Complaint.

## AS TO "COUNT THREE"

88.     Defendants repeat and restate their responses to Paragraphs 1 through 87 as if fully set forth herein, and deny any and all allegations not previously admitted.

89.     Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Defendants deny each and every allegation not specifically admitted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

The Complaint incorrectly alleges all entities are collectively "Altus" and Plaintiff's employers. Plaintiff lacks standing to bring claims against Defendants Altus Group Limited i/s/h/a Altus Group LTD., and Altus Group U.S. Inc., since they do not constitute her "employers" under the Age Discrimination in Employment Act of 1967 ("ADEA") or the New Jersey Law Against Discrimination ("NJLAD").

## FOURTH AFFIRMATIVE DEFENSE

The Complaint does not allege that a separate EEOC charge was filed naming Michael Clawar individually, thus Plaintiff failed to exhaust administrative remedies as to Michael Clawar. To the extent that Plaintiff failed to exhaust administrative remedies as to the other named Defendants, Defendants preserve that defense as well.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot sustain a claim against Defendant Michael Clawar as the ADEA does not impose liability on supervisors or managers. Defendant Michael Clawar cannot be held personally liable under the ADEA as a matter of law. Additionally, Plaintiff cannot sustain a claim against

Defendant Michael Clawar under the NJLAD since Clawar did not knowingly or substantially assist in any discriminatory conduct.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff seeks categories of relief which are not authorized under the ADEA or the NJLAD.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot show that she was terminated for anything other than a legitimate, non-discriminatory business reason. Plaintiff additionally cannot show that Defendants actions were willful, intentional, motived by actual malice or ill will, reckless, or in bad faith. Defendants acted in good faith and with a reasonable belief that their employment decisions were lawful.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants did not discriminate against Plaintiff on the basis of age or any other protected classification.

## NINTH AFFIRMATIVE DEFENSE

Defendants aver that even if some impermissible motive were a factor in any employment decision concerning Plaintiff, a claim that Defendants expressly deny, the same decision(s) would have been reached for legitimate non-discriminatory reasons.

## TENTH AFFIRMATIVE DEFENSE

While Defendants deny any liability to Plaintiff or that Plaintiff is entitled to any relief from or against it in this action, in the event any monetary relief is awarded to Plaintiff, Defendants are entitled to a set-off or credit for all benefits and compensation of any type that Plaintiff has received during the time period relevant to this action and through the date such relief is awarded.

## ELEVENTH AFFIRMATIVE DEFENSE

All claims raised in the Complaint are barred by the doctrine of unclean hands, waiver, laches, and estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants complied with all relevant and applicable laws, regulations, and standards of conduct and satisfied its statutory obligations under the ADEA and NJLAD.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that any of Plaintiff's claims or allegations encompass conduct occurring outside the applicable statutes of limitations, such claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the after acquired evidence doctrine.

## FIFTEENTH  AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the same actor inference defense.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants are not the legal or proximate cause of any alleged losses or damages sustained or to be incurred by Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are speculative and cannot be shown to exist in fact.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, to the extent that the alleged damages suffered by Plaintiff, if any, were caused by Plaintiff's own acts or omissions. Alternatively, Plaintiff's claims are barred for failure to mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Any award of damages to Plaintiff would constitute unjust enrichment.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages, in that she can neither demonstrate malice, actual participation, or reckless indifference by Defendants, nor can she impute liability for punitive damages to Defendants, because of their good faith efforts to comply with applicable law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, by the United States and New Jersey Constitutions.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint contains insufficient information to permit Defendants to raise all appropriate defenses, including such additional defenses based upon further discovery, and therefore, Defendants reserve their rights to amend and/or supplement this Answer with additional affirmative defenses.

**WHEREFORE**, Defendants Altus Group Limited i/s/h/a Altus Group LTD., Altus Group U.S. Inc., Argus Software, Inc., and Michael Clawar demand judgment in favor of Defendants and against Plaintiff that dismisses the Complaint against Defendants in its entirety with prejudice and declares that:

a. Defendants have no obligation to reinstate Plaintiff to her position as Head of Innovation;

b. Defendants have no obligation to pay Plaintiff for any damages, interest, attorneys' fees, legal costs and/or other expenses associated with this action;

c. Defendants are entitled to reasonable attorneys' fees and costs of suit incurred in defending this action; and

d.  Defendants are entitled to any other further relief that this Court deems to be just and

proper.


Respectfully submitted,

DENTONS US LLP

By: /s/ *Erika M. Lopes-McLeman*
Erika M. Lopes-McLeman, Esq.
erika.lopes-mcleman@dentons.com
*Attorneys for Defendants*
*Altus Group Limited, Altus Group U.S. Inc.,*
*ARGUS Software, Inc., and Michael Clawar*

Dated: Short Hills, New Jersey
April 13, 2026

## CERTIFICATION PURSUANT TO R. 4:5-1

To the best of my knowledge and belief, I certify that the foregoing matter in controversy is not the subject of any other action pending in any Court. Moreover, I certify that I know of no other parties who should be joined in this lawsuit at this time.

I certify that the foregoing allegations made by me are true. I understand that if any of the foregoing allegations made by me are willfully false, I am subject to punishment.

DENTONS US LLP

By: /s/ *Erika M. Lopes-McLeman*
Erika M. Lopes-McLeman, Esq.
erika.lopes-mcleman@dentons.com
*Attorneys for Defendants*
*Altus Group Limited, Altus Group U.S. Inc.,*
*ARGUS Software, Inc., and Michael Clawar*

Dated: Short Hills, New Jersey
April 13, 2026