**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| HEIDI LEARNER, | : | |
|       Plaintiff, | : | Civil Action No. 21-cv-02991 (BRM)(JRA) |
|  v. | : | Hon. Jose R. Almonte, U.S.M.J. |
| ALTUS GROUP, LTD., ALTUS GROUP U.S. INC., ARGUS SOFTWARE, INC. and MICHAEL CLAWAR, | : | **JOINT PROPOSED DISCOVERY PLAN** |
|       Defendants. | : | |

1.    Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

Andrew Dwyer
The Dwyer Law Firm, L.L.C.
1180 Raymond Blvd., Suite 29D
Newark, New Jersey 07102
(973) 242-3636
(973) 242-3399 (fax)
andy@thedwyerlawfirm.com
Attorneys for Plaintiff

Ian Carleton Schaefer
Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 398-3895
ian.schaefer@dentons.com
Attorneys for Defendants

1

Karla Del Pozo García
Dentons US LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-5328
karla.delpozogarcia@dentons.com
Attorneys for Defendants

Erika Marie Lopes-McLeman
Dentons US LLP
101 JFK Parkway, Fourth Floor
Short Hills, New Jersey 07078
(973) 912-7100
Erika.lopes-mcleman@dentons.com

2.    Set forth a brief description of the case, including the causes of action and defenses asserted.

This is a case alleging age discrimination in employment brought under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et seq. Plaintiff contends the termination of her employment, which was effective March 1, 2025, was discriminatory on the basis of age.

Defendants deny Plaintiff's allegations and specifically deny any wrongdoing. Plaintiff's employment was terminated because her Head of Innovation role was eliminated. Defendants expressly deny that Plaintiff was subjected to discrimination during her employment with respect to any terms or conditions of employment. Defendants also assert a number of separate defenses, as set forth in Defendants' Answer to the Complaint.

3.    Have settlement discussions taken place?  Yes **X** No _____

The parties have engaged in confidential settlement discussions and are happy to share those details with the court upon request on a confidential basis.

(a)    What was plaintiff's last demand?

(1)    Monetary demand: Confidential.

(2)    Non-monetary demand: N/A

(b)    What was defendant's last offer?

    (1)    Monetary offer:    Confidential.

    (2)    Non-monetary offer: N/A

4.    The parties [have **X**   have not _____] met pursuant to Fed. R. Civ. P. 26(f).

5.    The parties [have   have not **X** ] exchanged the information required by Fed. R. Civ. P. 26(a)(1).  If not, state the reason therefor.

Subject to the below, the parties will exchange Fed. R. Civ. P. 26(a)(1) initial disclosures by August 10, 2026.

6.    Explain any problems in connection with completing the disclosures required by Fed. R. Civ. P. 26(a)(1). **NONE**

7.    The parties [have  have not **X**] filed disclosures of third-party litigation funding.  See Local Civil Rule 7.1.1.

No disclosures are required.

8.    The parties [have _____ have not **X**] conducted discovery other than the above disclosures.  If so, describe. _____

9.    Proposed joint discovery plan:

(a)    Discovery is needed on the following subjects:

    (1)    The factual bases for Plaintiff's claims against Defendants.

    (2)    The factual bases for Defendants' defenses.

    (3)    The factual bases for Plaintiff's claims for damages.

    (4)    Plaintiff's income and employment after separation from Defendant ARGUS Software, Inc., and her efforts to mitigate her alleged damages.

    (5)    Reasons for Plaintiff's termination.

The parties reserve the right to object to the scope of discovery sought by the other party.

(b)    Discovery [should _____ should not **X**] be conducted in phases or be limited to particular issues.  Explain: _____

    _____

(c)    Proposed schedule:

    (1)    Fed. R. Civ. P. 26 Disclosures: **August 10, 2026.**
        .

    (2)    E-Discovery conference pursuant to L. Civ. R. 26.1(d): **August 7, 2026.**

    (3)    Service of initial written discovery: **August 30, 2026**.

    (4)    Maximum of **25** Interrogatories by each party to each other party.

    (5)    Maximum of **10** depositions to be taken by each party.

    (6)    Motions to amend or to add parties to be filed by **September 28, 2026**.

    (7)    Factual discovery to be completed by **January 31, 2027**.

    (8)    Plaintiff's expert report due on: **March 1, 2027.**

    (9)    Defendant's expert report due on: **April 1, 2027.**

    (10)    Expert depositions to be completed by: **May 5, 2027**.

    (11)    Dispositive motions to be served within **30** days of completion of discovery.

(d)    Set forth any special discovery mechanism or procedure requested: **N/A**

(e)    A pretrial conference may take place on _____.

(f)    Trial date: _____ (**X** Jury Trial; _____ Non-Jury Trial).

10.    Do you anticipate any special discovery needs (i.e. videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)? Yes **X**  No _____. If so, please explain: **Some potential witnesses are located out of state,**

**and consequently some depositions may need to be taken remotely.**

11.   Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?
Yes _____ No **X**.

If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

_____

12.   Do you anticipate entry of a Discovery Confidentiality Order? <u>See</u> L.Civ.R. 5.3(b) and Appendix S: **A discovery confidentiality order was already entered on May 22, 2026.**

13.   Do you anticipate any discovery problem(s) not listed above? Describe. Yes _____ No **X**.

14.   State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (<u>i.e.</u>, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).  **Plaintiff wishes to maintain her right to a jury trial and thus will not consent to arbitration.  A mediation was held on July 15, 2026, which was not successful.**

15.   Is this case appropriate for bifurcation? Yes _____ No **X**

16.   An interim status/settlement conference (with clients in attendance) should be held in

_____.

17.   We [do _____ do not  **X**] consent to the trial being conducted by a Magistrate Judge.

18.   Identify any other issues to address at the Rule 16 Scheduling Conference.

_____

July _____, 2026

By: *s/ Andrew Dwyer*
Andrew Dwyer
The Dwyer Law Firm, L.L.C.
1180 Raymond Blvd., Suite 29A
Newark, New Jersey 07102
Telephone: (973) 242-3636
Email: andy@thedwyerlawfirm.com
*Attorneys for the Plaintiff*

By: *s/ Erika M. Lopes-McLeman*
Erika M. Lopes-McLeman
Dentons US LLP
101 JFK Parkway, 4th Floor
Short Hills, New Jersey 07078
Telephone: (973) 912-7100
Email: erika.lopes-mcleman@dentons.com
*Attorneys for Defendants*